UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OAKLAND MANAGEMENT
CORP., et al.,

      Plaintiffs,

v.                              CASE NO.  8:12-CV-2025-T-17TBM

LEXINGTON INSURANCE
COMPANY, et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

| Dkt. 5 | Motion to Strike Counts 9-12 (Essex, Westchester) |
|---|---|
| Dkt. 6 | Motion to Dismiss Second Amended Complaint (Essex, Westchester) |
| Dkt. 11 | Response |
| Dkt. 12 | Response |
| Dkt. 19 | Motion to Dismiss or Motion for Partial Summary Judgment (Northfield) |
| Dkt. 30 | Motion to Dismiss or Strike Counts 6,13,14 and Motion to Dismiss or Strike counts 13 and 14 as Premature (Royal) |
| Dkt. 32 | Response |
| Dkt. 35 | Motion to Dismiss or For More Definite Statement as to Count 2 and Motion to Dismiss or Strike Counts 7 and 8 (Fireman's Fund) |
| Dkt. 39 | Response |

This case is a multi-count, multi-defendant case in which Plaintiffs are suing the primary and excess insurers of the real properties that Plaintiffs own, manage and develop.  Plaintiffs have included claims for breach of contract, first party bad faith and unfair claims settlement practices.

Case No. 8:12-CV-2025-T-17TBM

I. Background

The Second Amended Complaint (Dkt. 2) includes the claims Plaintiffs Oakland Management Corp. and Beztak Management Company assert as to Lexington Insurance Company, Fireman's Fund Insurance Company, Northfield Insurance Company, Essex Insurance Company, Westchester Surplus Lines insurance Company, and Royal Indemnity Company n/k/a Arrowood Indemnity Company, as follows:

| | | |
|---|---|---|
| Count 1 | Breach of Contract | Lexington |
| Count 2 | Breach of Contract | Fireman's Fund |
| Count 3 | Breach of Contract | Northfield |
| Count 4 | Breach of Contract | Essex |
| Count 5 | Breach of Contract | Westchester |
| Count 6 | Breach of Contract | Royal n/k/a Arrowood |
| Count 7 | Bad Faith | Fireman's Fund |
| Count 8 | Unfair Claim Settlement Practices | Fireman's Fund |
| Count 9 | Bad Faith | Essex |
| Count 10 | Unfair Claim Settlement Practices | Essex |
| Count 11 | Bad Faith | Westchester |
| Count 12 | Unfair Claim Settlement Practices | Westchester |
| Count 13 | Bad Faith | Royal n/k/a Arrowood |
| Count 14 | Unfair Claim Settlement Practices | Royal n/k/a Arrowood |

Plaintiffs attached the following insurance policies to the Second Amended Complaint:

| Exhibit | Issued By: | Policy Period | Premium | Policy No. |
|---|---|---|---|---|
| A | Lexington | 10/1/95-10/1/96 | $68,000 | 8785271 |
| B | Lexington | 10/1/96-10/1/97 | $45,127 | 8893233 |

2

Case No. 8:12-CV-2025-T-17TBM

| | | | | |
|---|---|---|---|---|
| C | Lexington | 10/1/97-10/1/98 | $94,054 | 8898673 |
| D | Lexington | 10/1/98-7/1/99 | | 8533955 |
| E | Lexington | 7/1/99-7/1/00 | $235,000 | 8799852 |
| F | Lexington | 7/1/00-7/1/01 | $273,591 | 8524782 |
| G | Lexington | 7/1/01-7/1/02 | $581,789 | 8525768 |

The above policies are portfolio policies, covering various apartments, shopping centers, office buildings and industrial buildings.

| | | | | |
|---|---|---|---|---|
| H | Fireman's | 10/1/95-10/1/96 | $282,542 | S18 MXX 80632067 |
| I | Fireman's | 10/1/96-10/1/97 | $253,849 | S18 MXX 80657238 |
| J | Fireman's | 10/1/97-10/1/98 | $282,789 | S18 MXX 80685056 |
| K | Fireman's | 10/1/98-10/1/99 | $271,426 | S18 MXX 80713828 |

The above policies are portfolio policies, covering various apartments, shopping centers, office buildings and industrial buildings. In the Second Amended Complaint, Plaintiffs allege that the Fireman's Fund policies are excess property casualty policies.

| | | | | |
|---|---|---|---|---|
| L | Northfield | 7/1/99-7/1/00 | $55,743 | CF001325 |
| M | Northfield | 7/1/00-7/1/01 | $61,688 | CF001631 |
| N | Essex | 7/1/01-7/1/02 | $76,500 | MSP6680 |
| O | Westchester | 7/1/99-7/1/00 | $53,513 | WXA6622150 |
| P | Royal | 7/1/00-7/1/01 | $60,000 | RHD315554 |
| Q | Royal | 7/1/01-7/1/02 | $98,249 | RHD319533 |

Exhibits L through P are excess policies. Exhibit L is excess to primary

Case No. 8:12-CV-2025-T-17TBM

Lexington Policy No. 8799852 (Exhibit E).  Exhibit M is excess to primary Lexington
Policy No. 8524782 (Exhibit F).  Exhibit N does not indicate a specific primary policy;
based on the policy period the Court assumes Exhibit N is excess to primary Lexington
Policy No. 8525768 (Exhibit G).  Exhibit O is excess to primary Lexington Policy
8799852 (Exhibit E).  Exhibit P is excess to primary Lexington Policy 8524782 (Exhibit
F).

II.  Discussion

A.  Bad Faith and Unfair Claims Settlement Practices
    Counts 7-14

    In Vest v. Travelers Insurance Company, 753 So.2d 1270, 1275 (Fla. 2000), the
Florida Supreme Court clarified that the determination of the existence of liability and
the extent of the insured's damages are elements of a cause of action for bad faith.

    Plaintiffs concede that the bad faith claims and unfair claims settlement practices
claims should not proceed.   Plaintiffs argue that these claims should be abated rather
than dismissed without prejudice.

    Because Plaintiffs have not secured a final determination that Defendants have
paid Plaintiffs less than what was due under the policies, Plaintiffs have not yet
established that a bad faith or unfair claims settlement action lies against Defendants.
The Court has the authority to abate the statutory claims or to dismiss them without
prejudice.  Vanguard Fire and Casualty Company v. Gilman, 955 So.2d 591, 595 (Fla.
1st DCA 2006).   After consideration, the Court finds that it will not significantly aid
judicial economy if the claims are abated rather than dismissed without prejudice.
Therefore, the Court will dismiss Counts 7 through 14 without prejudice.

4

Case No. 8:12-CV-2025-T-17TBM

B. Breach of Contract

Defendants have moved to dismiss the breach of contract claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiffs respond that Plaintiffs have alleged the basic elements of a breach of contract claim under Florida law, the issuance of an insuring agreement, the breach of the agreement, and resulting damages. Plaintiffs argue that to the extent that additional information beyond the elements of the claim is needed, such information can be obtained in discovery.

1. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[Derailed factual allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," <u>Id.</u>, at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u>, at 556. Two working principles underlie <u>Twombly</u>. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. <u>Id.</u>, at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. <u>Id.</u>, at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are

5

Case No. 8:12-CV-2025-T-17TBM

well-pleaded factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v.
Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544
(2007).

    Because the Second Amended Complaint includes no facts that will allow the
Court to determine whether Plaintiffs has raised plausible claims, the Court will grant
Defendants' Motions to Dismiss as to this issue.  The insurance policies attached to the
Second Amended Complaint have not clarified the Plaintiffs' claims against Defendants.
The primary policies are portfolio policies; it is not clear what properties or coverages
are involved in the breach of contract claims.  Based on the Exhibits attached to the
Second Amended Complaint, the Court understands only that in some way Plaintiffs'
claims relate to termite damage in some real property, or properties.

    Plaintiffs have included six separate breach of contract claims against
Defendants.  In asserting that Plaintiffs have provided Defendants with notice of their
claim, that each Defendant denied Plaintiffs' claims, and that each Defendant has
breached the insuring agreement, the Court understands that Plaintiffs' theory is that
whatever Plaintiffs included in the Plaintiffs' claims of loss is within the coverage of the
applicable insurance policy.  Ultimately, the Court will need to determine whether
Plaintiffs' alleged claims are within the coverage afforded by the insurance policies, or
fall within an exclusion within those policies.  At this point, the Court does not know
what Plaintiffs' claims are, what coverage provision of each insurance policy is involved,
or whether there are exclusion provisions which apply.  Plaintiffs shall include a concise
factual statement which explains the nature of Plaintiffs' claims, when the loss occurred,
when Plaintiffs' discovered the loss, and which provision of the applicable insurance
policy Defendants breached in failing to pay Plaintiffs' claims and/or how Defendants
otherwise breached the applicable insurance policies; those facts will allow the Court to
evaluate whether Plaintiffs allege plausible claims.  If necessary, Plaintiffs may attach a

Case No. 8:12-CV-2025-T-17TBM

copy of the Claim of Loss that Plaintiffs submitted to each Defendant.


After consideration, the Court grants Defendants' Motions to Dismiss for failure to state a claim under Rule 12(b)(6), with leave to file a Third Amended Complaint within fourteen days as specified.  Accordingly, it is

**ORDERED** that:

Counts 7 through 14 are **dismissed without prejudice.**   Defendants' Motions to Strike or Abate (Dkts. 5, 30, 35) are  **granted in part** and otherwise denied. Defendants' Motions to Dismiss (Dkts. 6, 19, 30, 35,) are **granted in part**; Plaintiffs shall file a Third Amended Complaint within fourteen days as specified above. The Motions are otherwise denied without prejudice.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this

3RD day of July, 2013.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record